# Third District Court of Appeal

## State of Florida

Opinion filed March 25, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D26-0514
Lower Tribunal No. F08-8259
_____

**Pleadro J. Scott,**
Petitioner,

vs.

**Warden Ronnie Quinn, et al.,**
Respondents.

A Case of Original Jurisdiction – Habeas Corpus.

Pleadro J. Scott, in proper person.

James Uthmeier, Attorney General, for respondents.

Before SCALES, C.J., and MILLER and GOODEN, JJ.

PER CURIAM.

Petitioner Pleadro J. Scott petitions this Court for a writ of habeas corpus, alleging that his appellate counsel was ineffective during his direct

appeal. This is the third time he has done so. See Scott v. State, 248 So. 3d 98 (Fla. 3d DCA 2017); Scott v. State, 425 So. 3d 637 (Fla. 3d DCA 2025). But his conviction and sentence became final after direct appeal over thirteen years ago. See Scott v. State, 114 So. 3d 393 (Fla. 3d DCA 2013); Scott v. State, 123 So. 3d 1147 (Fla. 2013). For that reason, his petition is untimely and must be dismissed. See Fla. R. App. P. 9.141(d)(5) ("A petition alleging ineffective assistance of appellate counsel on direct review must not be filed more than 2 years after the judgment and sentence become final on direct review unless it alleges under oath with a specific factual basis that the petitioner was affirmatively misled about the results of the appeal by counsel. In no case may a petition alleging ineffective assistance of appellate counsel on direct review be filed more than 4 years after the judgment and sentence become final on direct review.").

Petition dismissed.